UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:25-cr-438-KKM-SPF

SWAPNADIP ROY
a/k/a "Eric Roy"
and
VICKY RAMANCHA

**UNOPPOSED MOTION FOR DISCOVERY PROTECTIVE ORDER**

The United States respectfully requests that this Court enter a discovery protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

Swapnadip Roy has been charged with Conspiracy, Smuggling, and violations of the Federal Food, Drug, and Cosmetic Act in connection with his role in the distribution of a counterfeit version of the prescription drug Ozempic. (Dkt. No. 1). The United States anticipates that Mr. Roy will be making his initial appearance before this Court in the coming weeks and, as a result, the United States is preparing to send discoverable materials to counsel for Mr. Roy. The discoverable materials include Personal Identifying Information ("PII") and other sensitive personal information ("SPI") gathered over the course of the government's investigation. Redacting all PII and SPI prior to production would be overly burdensome and lead to unnecessary delay. As a result, the United States requests that this Court enter a discovery protective order requiring that the defendant and his counsel not disseminate any documents containing PII or SPI to anyone other than members of defendant's litigation and investigative teams. The discovery protective order would allow the United States to produce

PII and SPI without risk of unnecessary release and spread of personal or sensitive information and to facilitate the production of discovery without delays associated with redacting PII and/or SPI.

Federal Rule of Criminal Procedure 16.1 requires parties to confer following arraignment about the timetable and procedures of pretrial discovery, and to request the Court's assistance in determining aspects of disclosure, if necessary. The United States has conferred with counsel for Mr. Roy, who does not object to this discovery protective order.

WHEREFORE, the United States respectfully requests that the Court issue a discovery protective order consistent with the above.

Respectfully submitted this 17th day of September, 2026.

LORINDA I. LARYEA
U.S. Department of Justice
Criminal Division
White Collar and Corporate
Enforcement Section

*/s/ Peter J. Leininger*

Peter J. Leininger, Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Avenue NW
Washington, D.C. 20005
Peter.J.Leininger@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also emailed a copy of the filing to the following attorneys who represent Swapnadip Roy: Ross Weingarten (rossweingarten@steptoe.com), Jason Wright (jwright@steptoe.com), and Andrew Adams (acadams@steptoe.com).

*/s/ Peter J. Leininger*

Peter J. Leininger, Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Avenue NW
Washington, D.C. 20005
Peter.J.Leininger@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:25-cr-438-KKM-SPF

SWAPNADIP ROY
a/k/a "Eric Roy"
and
VICKY RAMANCHA

**[PROPOSED] DISCOVERY PROTECTIVE ORDER**

This matter is before the Court on the Motion for Discovery Protective Order filed September 17, 2026. Pursuant to Rule 16(d), Federal Rules of Criminal Procedure, for the reasons set forth in the Motion, the Court finds good cause for the entry of a protective order because the materials to be produced by the United States contain Personal Identifying Information ("PII") and sensitive personal information ("SPI") and those materials should not be disseminated any further than necessary for the defense of the case.

Accordingly, it is ORDERED:

1. This Protective Order shall govern all discovery materials containing PII and/or SPI that are produced by the United States in discovery in this case.

2. The United States shall make available copies of discovery materials containing PII and SPI to defense counsel in compliance with its discovery obligations under Rule 16, the Federal Rules of Criminal Procedure, and other controlling statutory and case law. Possession of unredacted copies of documents containing PII and/or SPI is limited to the defendant, his attorneys of record, and investigators, paralegals, law clerks,

experts, and assistants for the attorneys of record (collectively referred to as members of the "defense team"). The defendant and his defense team shall not disseminate any discovery materials containing PII and/or SPI to anyone else without leave of this Court.

3. Nothing in this Order should be construed as imposing any discovery obligation on the United States or the defendant that is different from those imposed by case law, 18 U.S.C. § 3509(d), Rule 16 of the Federal Rules of Criminal Procedure, and/or the Local Rules of this Court. Nor should anything in this Order be construed as imposing any restrictions on the defendant regarding materials that were in his possession prior to production.

4. Nothing in this Order shall be construed as limiting the defendant's ability to use the discovery materials, including documents containing PII and/or SPI, in the investigation of this case and in the preparation of his defense.

5. The provisions of this Order shall not terminate at the conclusion of the prosecution of this case.

DONE AND ORDERED at Tampa, Florida on September___, 2026.

_________________________________
KATHRYN KIMBALL MIZELLE
United States District Judge